# IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
### (Baltimore Division)

| | |
|---|---|
| DERIS DAVIS BAILEY, Individually and as Personal Representative of the Estate of Andrew Davis<br>15761 Wildlife Lane<br>Wagram, NC  28396 | : |
| and | : |
| KEITH DAVIS<br>2949 Willow Drive<br>Homewood, IL 60430 | : |
| and | : |
| ANDREA LYNN DAVIS FUERY<br>2949 Willow Drive<br>Homewood, IL  60430 | : |
| and | : |
| ALICIA DAVIS<br>7705 S. Union Avenue<br>Chicago, IL  60620 | : |
| Plaintiffs, | : |
| v. | :  Case No.: |
| UNITED STATES OF AMERICA | : |
| Serve:  Erek L. Barron, Esquire<br>United States Attorney for<br>District of Maryland<br>6406 Ivy Lane Suite 800<br>Greenbelt, MD 20770 | : |
| and | : |
| Serve:  Merrick Garland, Esquire<br>Attorney General of the United States<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 | : |

1

|  |  |
|---|---|
| and | : |
|  | : |
| WALTER BELLEZA, M.D. | : |
| 22 Greene Street | : |
| Baltimore, Maryland  21201 | : |
|  | : |
| and | : |
|  | : |
| UNIVERSITY OF MARYLAND | : |
| EMERGENCY MEDICINE ASSOCIATES, P.A. | : |
| 110 S. Paca Street, Suite 200 | : |
| Baltimore, MD  21201 | : |
|  | : |
| Serve:  Brian Browne, M.D. | : |
| 110 S. Paca Street, 6th Floor, Suite 200 | : |
| Baltimore, MD  21201 | : |
|  | : |
| Defendants. | : |

## COMPLAINT

COME NOW the Plaintiffs, Deris Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, by and through undersigned counsel, Michael V. Nakamura, Esquire, Samuel J. Briggs, Esquire, and the law firm of Shulman, Rogers, Gandal, Pordy & Ecker, P.A., and hereby submit this Complaint against the United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., jointly and severally, and in support thereof state the following:

1. This action against the United States of America (the "USA") arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 28 U.S.C. §2671, et seq.

2. At all times relevant hereto, Decedent Andrew Davis (hereinafter "Mr. Davis") was an adult resident of Eldersburg, Carroll County, Maryland.

3. At all times relevant hereto, Plaintiff Deris Davis Bailey (hereinafter "Ms. Bailey") was and is the adult daughter of Mr. Davis.  Ms. Bailey is a resident of Wagram, North Carolina and is the  Personal Representative of the Estate of Andrew Davis, Estate No. 39717,

2

having been appointed by the Register of Wills for Carroll County in the State of Maryland on March 27, 2020.

4. At all times relevant hereto, Plaintiff Keith Davis was the adult son of Mr. Davis. Mr. Keith Davis is currently a resident of Homewood, Illinois.

5. At all times relevant hereto, Plaintiff Andrea Lynn Davis Fuery (hereinafter "Ms. Fuery") was the adult daughter of Mr. Davis and is a resident of Homewood, Illinois.

6. At all times relevant hereto, Plaintiff Alicia Davis (hereinafter "Ms. Davis") was the adult daughter of Mr. Davis and is a resident of Chicago, Illinois.

7. At all times relevant hereto, Baltimore Veteran's Medical Center (hereinafter "BVAMC"), was a health care facility offering health related services to the general public in Baltimore City, Maryland, and elsewhere, and is owned and operated by the United States of America.  BVAMC held itself out as being a full-service medical center, able to provide proper medical, surgical, nursing, diagnostic, and other medical services necessary to properly evaluate, diagnose, and treat patients such as Mr. Davis.

8. At all times relevant hereto, Monica Gale, R.N. (hereinafter "Nurse Gale") was an employee of the USA, and a health care provider licensed in the State of Maryland providing health related services to the general public in Baltimore City at BVAMC, acting within the scope of her employment with the United States of America and BVAMC.

9. The medical care rendered to Mr. Davis by the medical personnel at BVAMC, including Monica Gale, R.N., the Medicine Team, and other medical personnel, was provided by employees of the United States Department of Veteran's Affairs, an agency of the United States of America, acting within the scope of their employment.

10. At all times relevant hereto, Walter Belleza, M.D. (hereinafter "Dr. Belleza") was

3

a health care provider licensed in the State of Maryland providing health related services to the general public in Baltimore City, Maryland at BVAMC and elsewhere.

11. At all times relevant hereto, University of Maryland Emergency Medicine Associates, P.A. (hereinafter "UMEMA") was a Maryland Corporation providing medical services to the general public in Baltimore City, Maryland at BVAMC and elsewhere.

12. At all times relevant hereto, Dr. Belleza was an employee, agent, servant and/or ostensible agent of the United States of America and BVAMC acting within the scope of his employment with the United State of America and BVAMC when he treated Mr. Davis at BVAMC.

13. At all times relevant hereto, Dr. Belleza was also an employee, agent, servant and/or ostensible agent of the UMEMA acting within the scope of his employment with UMEMA when he treated Mr. Davis at BVAMC.

14. In material respects, all of the claims and events alleged herein occurred in Baltimore City, Maryland.

15. The negligent acts occurred in Maryland and Maryland law applies in this matter.

16. With regard to Defendant USA, the allegations (in the form of an administrative claim) set forth herein were presented to the Department of Veteran's Affairs pursuant to 28 U.S.C. § 2675(a). The claim was denied and accordingly all administrative remedies have been exhausted.

17. Pursuant to MD Cts & Jud Pro Code §3-2A-04 & 3-2A-06B (2013), a Statement of Claim was filed with the Health Care Alternative Dispute Resolution Office and arbitration was waived by Plaintiffs. A copy of the Order of Transfer is attached hereto as Exhibit 1. Jurisdiction is proper pursuant to §1-501 and §3-2A-01 et. seq, of the Courts Article and 28

U.S.C. § 1367(a) and 28 U.S.C. §1331.  Venue is proper pursuant to §6-201 and 28 U.S.C. §1391 of the Courts Article.

18. This Complaint includes the United States of America, a party whose case must be tried by a judge, and Dr. Belleza and UMEMA, non-United States Defendants.  Plaintiffs have prayed for a jury trial for the case against Dr. Belleza and UMEMA.

## FACTUAL ALLEGATIONS

19. On January 13, 2020, Mr. Davis was transported to BVAMC Emergency Room for evaluation and treatment of fatigue and weakness, with an episode of dark brown, coffee ground emesis (vomit) and abdominal pain.

20. In the BVAMC Emergency Room, Mr. Davis came under the care of Dr. Belleza. Mr. Davis underwent a CT scan of the abdomen, which revealed an incomplete small bowel obstruction.

21. To facilitate nutrition and prevent aspiration of vomit into his lungs, Dr. Belleza attempted to place an NG tube (nasogastric tube) into Mr. Davis' stomach several times, but was unsuccessful.

22. Subsequent to Dr. Belleza's attempts to place the NG tube, Nurse Gale and the Medicine Team came to Mr. Davis' bedside where, Nurse Gale, under the guidance and supervision of the Medicine Team, placed the NG tube.

23. Dr. Belleza conducted an assessment of the placement of the NG tube via air instillation and auscultation with stethoscope and thought that the tube was properly placed.

24. Shortly thereafter, Mr. Davis' condition deteriorated, and he experienced oxygen desaturations into the 80s.

25. X-ray imaging was performed to investigate Mr. Davis' deterioration.  The x-ray

imaging was not definitive regarding the tube placement, and a CT scan was performed for more definite imaging.

26. The CT scan confirmed that the tube was actually misplaced in Mr. Davis' left lower lung rather than in the stomach, resulting in Mr. Davis sustaining a pneumothorax (collapsed lung).

27. Mr. Davis became bradycardic and went into asystole.

28. On January 14, 2020, at 1416, Mr. Davis passed away as a result of complications of his pneumothorax, which was directly caused by the improperly placed NG tube.

29. As a direct result of the negligence of the Defendant USA, acting through its employees, agents, servants, employees and/or ostensible agents, including Nurse Gale, Dr. Belleza, and others, Mr. Davis sustained serious injury leading to his death, extreme physical and emotional pain and suffering, and pecuniary loss.

30. As a direct result of the negligence of Dr. Belleza and University of Maryland Emergency Medicine Associates, P.A., acting through its employees, agent, servant, and/or ostensible agent Dr. Belleza, Mr. Davis sustained serious injury leading to his death, extreme physical and emotional pain and suffering, and pecuniary loss.

**COUNT I**
**(Wrongful Death – The United States of America)**

31. Plaintiffs incorporate the substance of the foregoing factual allegations into this Count as if fully restated herein, and further

32. The medical personnel at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others, were employees, agents, servants and/or ostensible agents of the Defendant USA operating within the scope of their employment when they rendered care and

6

treatment to Mr. Davis.

33. Defendant USA, through its medical personnel at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, UMEMEA, and others, had a duty to provide that degree of care and skill exercised by a reasonable and prudent health care provider in the same or similar circumstances during their treatment of Mr. Davis.

34. Defendant USA, through its health care providers at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others, breached the standard of care and was negligent in failing to properly treat Mr. Davis; failing to properly place Mr. Davis' NG tube; failing to timely and properly recognize that the NG tube was misplaced; failing to properly supervise nursing care rendered to Mr. Davis; failing to properly supervise placement of the NG tube; negligently causing Mr. Davis' pneumothorax; failing to properly and timely diagnose Mr. Davis' pneumothorax; failing to timely intervene and treat Mr. Davis' pneumothorax; by failing to render appropriate care within the standard of care to Mr. Davis; and by otherwise failing to take steps to avoid injury to Mr. Davis.

35. As a direct result of the negligence of Defendant USA, through its health care providers at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others, for which the Defendant USA is liable, Mr. Davis suffered serious injury resulting in his death, extreme physical and emotional pain and suffering, and pecuniary loss.

36. As a direct and proximate result of the negligence of the Defendant USA, acting through its employees, agents, servants and/or ostensible agents BVAMC, Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others for which the Defendant USA is liable, Plaintiffs seek all applicable damages pursuant to the Maryland Wrongful Death Act.

WHEREFORE, Plaintiffs Deris Davis Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, demand judgment against the Defendants United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., jointly and severally, for all damages allowable under Maryland law in excess of the limit of the concurrent jurisdiction of the District Court, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

### COUNT II
### (Wrongful Death – Walter Belleza, M.D.)

37. Plaintiffs incorporate the substance of the foregoing factual allegations into this Count as if fully restated herein, and further

38. Dr. Belleza had a duty to provide that degree of care and skill exercised by a reasonable and prudent health care provider in the same or similar circumstances during his treatment of Mr. Davis.

39. Dr. Belleza breached the standard of care and was negligent by failing to properly treat Mr. Davis; failing to properly place Mr. Davis' NG tube; failing to timely and properly recognize that the NG tube was misplaced; failing to properly supervise nursing care rendered to Mr. Davis; failing to properly supervise the proper placement of the NG tube; negligently causing Mr. Davis' pneumothorax; failing to timely diagnose Mr. Davis' pneumothorax; failing to properly diagnose Mr. Davis' condition; failing to timely intervene and treat Mr. Davis' pneumothorax; failing to render appropriate care within the standard of care to Mr. Davis; and by otherwise failing to take steps to prevent injury to Mr. Davis.

40. As a direct result of Dr. Belleza's negligence, Mr. Davis suffered serious injury

resulting in his death, extreme physical and emotional pain and suffering, and pecuniary loss.

41. As a direct and proximate result of the negligence of Dr. Belleza aforesaid, Plaintiffs seek all applicable damages pursuant to the Maryland Wrongful Death Act.

WHEREFORE, Plaintiffs, Deris Davis Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, demand judgment against the United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., jointly and severally, for all damages allowable under Maryland law in excess of the limit of the concurrent jurisdiction of the District Court, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

**COUNT III**
**(Wrongful Death – University of Maryland Emergency Medicine Associates, P.A.)**

42. Plaintiffs incorporate the substance of the foregoing factual allegations into this Count as if fully restated herein, and further

43. UMEMA, acting through its employees, agents, servants, and/or ostensible agents, including Dr. Belleza, had a duty to provide that degree of care and skill exercised by a reasonable and prudent Health Care Provider in the same or similar circumstances during its treatment of Mr. Davis.

44. UMEMA, acting through it employees, agents, servants, and/or ostensible agents, including Dr. Belleza, breached the standard of care and was negligent in its treatment of Mr. Davis by failing to properly treat Mr. Davis; failing to properly place Mr. Davis' NG tube; failing to timely and properly recognize that the NG tube was misplaced; failing to properly supervise nursing care rendered to Mr. Davis; failing to properly supervise the proper placement of the NG

9

tube; negligently causing Mr. Davis' pneumothorax; failing to timely diagnose Mr. Davis' pneumothorax; failing to properly diagnose Mr. Davis' condition; failing to timely intervene and treat Mr. Davis' pneumothorax; failing to render appropriate care within the standard of care to Mr. Davis; and by otherwise failing to take steps to prevent injury to Mr. Davis.

45. As a direct result of the negligence of UMEMA, acting through its employees, servants, agents, and/or ostensible agents, including Dr. Belleza, for which UMEMA is liable, Mr. Davis suffered serious injury resulting in his death, extreme physical and emotional pain and suffering, and pecuniary loss.

46. As a direct and proximate result of the negligence of the UMEMA, acting through its employees, agents, servants and/or ostensible agents including Dr. Belleza, for which UMEMA, Plaintiffs seek all applicable damages pursuant to the Maryland Wrongful Death Act.

WHEREFORE, Plaintiffs Deris Davis Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, demand judgment against the United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., jointly and severally, for all damages allowable under Maryland law in excess of the limit of the concurrent jurisdiction of the District Court, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

### COUNT IV
### (Survival Action – The United States of America)

47. Plaintiffs incorporate the substance of the foregoing factual allegations into this Count as if fully restated herein, and further

48. The medical personnel at BVAMC, including Nurse Gale, the Medicine Team,

Dr. Belleza, UMEMA, and others, were employees, agents, servants and/or ostensible agents of the United States of America operating within the scope of their employment when they rendered care and treatment to Mr. Davis.

49.     Defendant USA, through its medical personnel at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, the UMEMA, and others, had a duty to provide that degree of care and skill exercised by a reasonable and prudent health care provider in the same or similar circumstances during their treatment of Mr. Davis.

50.     Defendant USA, through its health care providers at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others, breached the standard of care and were negligent by failing to properly treat Mr. Davis; failing to properly place Mr. Davis' NG tube; failing to timely and properly recognize that the NG tube was misplaced; failing to properly supervise nursing care rendered to Mr. Davis; failing to properly supervise placement of the NG tube; negligently causing Mr. Davis' pneumothorax; failing to properly and timely diagnose Mr. Davis' pneumothorax; failing to timely intervene and treat Mr. Davis' pneumothorax; by failing to render appropriate care within the standard of care to Mr. Davis; and by otherwise failing to take steps to avoid injury to Mr. Davis.

51.     As a direct result of the negligence of Defendant USA, through its health care providers at BVAMC, including Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others, for which the United States of America is liable, Mr. Davis suffered serious injury resulting in his death, extreme physical and emotional pain and suffering, and pecuniary loss.

52.     As a direct and proximate result of the negligence of the United States of America, acting through its employees, agents, servants and/or ostensible agents Nurse Gale, the Medicine Team, Dr. Belleza, UMEMA, and others for which the United States of America is

liable, the Estate of Andrew Davis, acting through its Personal Representative, seeks to recover all awardable damages to which the Estate is entitled, including but not limited to funeral expenses and non-economic damages.

WHEREFORE, Plaintiffs Deris Davis Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, demand judgment against the United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., jointly and severally, for all damages allowable under Maryland law in excess of the limit of the concurrent jurisdiction of the District Court, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

## COUNT V
### (Survival Action – Walter Belleza, M.D.)

53. Plaintiffs incorporate the substance of the foregoing factual allegations into this Count as if fully restated herein, and further

54. Dr. Belleza had a duty to provide that degree of care and skill exercised by a reasonable and prudent Health Care Provider in the same or similar circumstances during his treatment of Mr. Davis.

55. Dr. Belleza breached the standard of care and was negligent by failing to properly treat Mr. Davis; failing to properly place Mr. Davis' NG tube; failing to timely and properly recognize that the NG tube was misplaced; failing to properly supervise nursing care rendered to Mr. Davis; failing to properly supervise the proper placement of the NG tube; negligently causing Mr. Davis' pneumothorax; failing to timely diagnose Mr. Davis' pneumothorax; failing to properly diagnose Mr. Davis' condition; failing to timely intervene and treat Mr. Davis'

Case 1:23-cv-01175-JMC   Document 1   Filed 05/03/23   Page 13 of 15

pneumothorax; failing to render appropriate care within the standard of care to Mr. Davis; and by otherwise failing to take steps to prevent injury to Mr. Davis.

56. As a direct result of Dr. Belleza's negligence, Mr. Davis suffered serious injury resulting in his death, extreme physical and emotional pain and suffering, and pecuniary loss.

57. As a direct and proximate result of the negligence of Dr. Belleza aforesaid, the Estate of Andrew Davis, acting through its Personal Representative, seeks to recover all awardable damages to which the Estate is entitled, including but not limited to funeral expenses and non-economic damages.

WHEREFORE, Plaintiffs, Deris Davis Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, demand judgment against the United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., jointly and severally, for all damages allowable under Maryland law in excess of the limit of the concurrent jurisdiction of the District Court, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

## COUNT VI
**(Survival Action – University of Maryland Emergency Medicine Associates, P.A.)**

58. Plaintiffs incorporate the substance of the foregoing factual allegations into this Count as if fully restated and incorporated herein by reference, and further

59. UMEMA, acting through its employees, agents, servants, and/or ostensible agents, including Dr. Belleza, had a duty to provide that degree of care and skill exercised by a reasonable and prudent Health Care Provider in the same or similar circumstances during its treatment of Mr. Davis.

13

60. UMEMA, acting through it employees, agents, servants, and/or ostensible agents, including Dr. Belleza, breached the standard of care and was negligent in its treatment of Mr. Davis by failing to properly treat Mr. Davis; failing to properly place Mr. Davis' NG tube; failing to timely and properly recognize that the NG tube was misplaced; failing to properly supervise nursing care rendered to Mr. Davis; failing to properly supervise the proper placement of the NG tube; negligently causing Mr. Davis' pneumothorax; failing to timely diagnose Mr. Davis' pneumothorax; failing to properly diagnose Mr. Davis' condition; failing to timely intervene and treat Mr. Davis' pneumothorax; failing to render appropriate care within the standard of care to Mr. Davis; and by otherwise failing to take steps to prevent injury to Mr. Davis.

61. As a direct result of the negligence of UMEMA, acting through its employees, servants, agents, and/or ostensible agents, including Dr. Belleza, for which UMEMA is liable, Mr. Davis suffered serious injury resulting in his death, extreme physical and emotional pain and suffering, and pecuniary loss.

62. As a direct and proximate result of the negligence of UMEMA, acting through its employees, agents, servants and/or ostensible agents including Dr. Belleza and others, for which UMEMA is liable, the Estate of Andrew Davis, acting through its Personal Representative, seeks to recover all awardable damages to which the Estate is entitled, including but not limited to funeral expenses and non-economic damages.

WHEREFORE, Plaintiffs Deris Davis Bailey, Individually and as Personal Representative of the Estate of Andrew Davis, Keith Davis, Andrea Lynn Davis Fuery, and Alicia Davis, demand judgment against the United States of America, Walter Belleza, M.D., and University of Maryland Emergency Medicine Associates, P.A., joint and severally, for all damages allowable under Maryland law in excess of the limit of the concurrent jurisdiction of the

District Court, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

                Respectfully submitted,

                SHULMAN, ROGERS, GANDAL,
                  PORDY & ECKER, P.A.

By:     */s/ Michael V. Nakamura*
        Michael V. Nakamura, Bar # 08915
        mnakamura@shulmanrogers.com
        Samuel J. Briggs, Bar # 23169
        sbriggs@shulmanrogers.com
        12505 Park Potomac Avenue, Sixth Floor
        Potomac, Maryland  20854
        Telephone: (301) 230-5200
        Facsimile: (301) 230-2891

        Attorneys for Plaintiffs

## **JURY DEMAND AS TO DEFENDANTS WALTER BELLEZA, M.D. AND UNIVERSITY OF MARYLAND EMERGENCY MEDICINE ASSOCIATES, P.A.**

Plaintiffs elect to have all issued raised herein against Defendants Walter Belleza, M.D. and University of Maryland Emergency Medicine Associates, P.A. tried before a jury.

                */s/ Michael V. Nakamura*
                Michael V. Nakamura, Bar # 08915